## Grievance of Joanne BALDWIN

[604 A.2d 790]

No. 90-223

February 7, 1992. Grievant appeals from a decision of the Vermont Labor Relations Board that she could not contest her termination from her position with the Department of General Services because she had resigned from that position. She argues that a resignation is ineffective

unless it is in writing, that the evidence shows that she did not resign, and, in any event, there was a constructive discharge.

Her argument that a resignation is ineffective if not written relies on a Department of Personnel rule requiring an employee to put a resignation in writing. See Vermont Department of Personnel, Rules and Regulations for Personnel Administration Rule 12.02. The Board noted, however, that the definition of resignation in the rules does not require that there be a writing. See *id.* Rule 2.0384. It concluded that the requirement of a writing in Rule 12.02 was solely to provide the employer with dependable notice of an employee's impending termination of employment. This interpretation was consistent with that adopted by the Department of Personnel.

Absent compelling indications of error, we must accept the interpretation of administrative regulations by the agency responsible for their implementation. *Rogers v. Watson,* 156 Vt. 483, 489, 594 A.2d 409, 412 (1991). The parties agree that the rule involved here has become embedded in the collective bargaining agreement between the State of Vermont and the Vermont State Employees Association. We defer to the Board in construing the agreement. See *Vermont State Colleges Staff Fed'n v. Vermont State Colleges,* 157 Vt. 645, 646, 596 A.2d 355, 357 (1991).

The interpretation of the regulations adopted by the Board and the Personnel Department is reasonable in light of their purpose. The regulations do not state that an oral resignation is ineffective to terminate employment. Viewing the regulations as a whole, see *Vermont State Colleges Faculty Federation v. Vermont State Colleges,* 151 Vt. 457, 461, 561 A.2d 417, 420 (1989) (provisions of collective bargaining agreement should be construed as part of an integrated whole), we agree that the requirement of a writing was inserted solely for the benefit of the employer and can be waived by it. Thus, the lack of a writing does not change the character of grievant's act.

Grievant argues that the Board's finding that she resigned on June 26, 1989, is unsupported by the record and is ineffective because the State claimed she resigned on June 23rd. The evidence showed that grievant left work on June 22nd, a Thursday, because she was upset with a work restriction. She gave her office key to her supervisor stating, "See you around." She did not return until the following Monday, June 26th, and then cleaned out her desk. When her supervisor stated that he thought she was "just blowing off steam," she answered, "well, you were wrong." Later, she declined to put her resignation in writing but did agree to work out a two week notice period.

We will not disturb the Board's findings unless they are clearly erroneous. *In re Merrill,* 157 Vt. 150, 154, 596 A.2d 345, 348 (1991). We conclude that there is adequate evidence in the record to support the finding that grievant resigned on June 26th. The Board could find that her explanation that she was trying to open lines of communication to force a change in the work restriction was not credible in light of her overall conduct. The Board did not err merely by finding a different resignation date from that asserted by the Department.

Finally, grievant argues that the record shows that her employer forced her into an involuntary resignation by imposing intolerable working conditions. This issue was fully litigated before the Board, which concluded that she resigned volun-

tarily. The Board concluded that the working conditions were not intolerable and the work restrictions were not imposed on grievant with the intent to induce her resignation. Its conclusions are supported by its findings, which, in turn, are supported by the evidence.

*Affirmed.*